# SUPREME COURT.

JOHN KNEIB, appellant, agt. THE PEOPLE, respondents.

*Sanitary ordinances — publication, when necessary — conviction for selling adulterated milk.*

When sanitary ordinances are required to be published before they go into effect, the requirement is essential and the publication must be made in the manner required before the court can take cognizance of the ordinance.

Where an individual is charged and prosecuted for keeping and selling adulterated milk, under the rules and regulations established by the board of health (*Code of* 1866 *and amendments*), he cannot be convicted under section 45 of that sanitary code, where it is made to appear that the ordinance has not been published as by the act required.

*General Term, First Department, November,* 1875.

APPEAL by *certiorari* from a conviction at the special sessions.

*Laurence & Waehner*, for appellant.

*B. K. Phelps*, for respondents.

BRADY, *J.* — The plaintiff in error was charged with keeping and exposing for sale adulterated milk, convicted and fined $100. It does not appear from the complaint made whether he was to be prosecuted under the act of 1864 (*chap.* 544, *sec.* 1) or under the rules and regulations established by the board of health, under the act of 1866 (*Laws of* 1866, *vol.* 1, *p.* 138, *sec.* 20) and the acts amendatory thereof passed in 1867 and 1874 (*Laws of* 1867, *chap.* 956, *sec.* 10; *Laws*

Kneib agt. People.

*of* 1874, *chap.* 630, *sec.* 15). The act of 1864 requires that the offender should have knowledge of the adulteration. There was no charge or proof of this on the trial. The evidence, on the contrary, established the fact clearly that the milk, as delivered to him, was kept for sale. No change of it had been made or attempted. The rules and regulations or ordinances or decrees of the board of health were not proved upon the trial; they were not produced. The act of 1866 declares, that before the ordinances shall take effect the board shall publish them in the manner stated (*Sec.* 20). There was no proof of this publication. When ordinances are required to be published before they go into effect, the requirement is essential and the publication must be made in the designated mode (*Dillon on Municipal Corporations,* 265, *and cases cited*). This being a prerequisite the court could not, in a case like this, take cognizance of the ordinance. The statute qualified the power to make rules and regulations by declaring that to be effective they must be published. The court could not assume that this ceremony was performed, and thus render it unnecessary to prove either the publication or the ordinance, or to produce the latter. Assuming, therefore, that the prosecution of the plaintiff in error was, as it is stated to have been in the return, for a violation of section 45 of the sanitary code, a sanitary ordinance of the health department of the city of New York, it was necessary, to make the section binding, that the publication referred to should have been made, and as a necessary legal sequence to prove the fact in order to justify a conviction for the violation of any of its provisions. This not having been done, the conviction was erroneous and must be reversed (*Harker* agt. *The Mayor,* 17 *Wend.,* 199). The subject of adulterated milk is one of vast importance to the people of this city, involving health and life. The vendor of such an article deserves and should receive punishment, but the process by which the adulteration is determined should be free from doubt. If by tests made by scientific men the lactometer or

Kneib agt. People.

lactodensemeter furnishes only questionable evidence of adulteration, it should not be regarded as sufficient to warrant a conviction. There should be superadded evidence which would remove the doubt and if analysis be necessary for the purpose it should be made. The milk supposed to be adulterated and offered for sale can be purchased and so tested that the result must be certain beyond a reasonable doubt. The testimony given on the trial herein and presented on this appeal establishes clearly that such a test can be made. It may be troublesome, but the board of health seems to be vested with the necessary power to have it done, and the duty of protecting the community from illegal traffic, of which it is a dangerous element, demands careful and rigid scrutiny. When the proof is certain the punishment should be as severe as the law permits.

Judgment reversed.

DANIELS, *J.*, DAVIS, *P. J.* — We concur in the conclusion for the reason that the evidence was not sufficient to justify the conviction.