(137 App. Div. 77.)

PEOPLE ex rel. FOOT v. GROSS, Village President, et al.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

1. MANDAMUS (§ 164*)—DEFENSES—SUFFICIENCY—ALLEGATIONS DENYING INFORMATION SUFFICIENT TO FORM BELIEF.

In mandamus to compel removal of a fence from a street, denial by respondent of any knowledge or information sufficient to form a belief as to whether the fence was an encroachment upon the street is insufficient to put in issue the positive allegations to the contrary in the petition.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 350; Dec. Dig. § 164.*]

**2. MUNICIPAL CORPORATIONS** (§ 693*) — OBSTRUCTION OF STREET — FENCE ERECTED IN STREET—PUBLIC NUISANCE.

A picket fence, erected upon the middle line of a street by a private owner, is a public nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1493, 1494; Dec. Dig. § 693.*]

**3. MUNICIPAL CORPORATIONS** (§ 696*) — USE OF STREETS — OBSTRUCTIONS — ABATEMENT.

Village Law (Consol. Laws, c. 64) § 141, provides that the streets of a village are under the exclusive control of the board of trustees. Section 90 gives the trustees power to regulate or prevent incumbering of the streets. Section 80 makes it the duty of the president of the village to enforce the provisions of the chapter, together with the resolutions and ordinances of the board of trustees. The trustees of a village by ordinance provided that no persons should erect a fence within the line of a street under penalty, and that no owner or occupant of a lot should permit any public nuisance to remain between the lot and the center of the adjoining street, and directed the president to serve notice upon an owner to abate such nuisance, and provided that upon failure to comply with the notice the nuisance might be abated by the street commissioner. *Held*, that the duty of enforcing the removal of encroachments on streets of the village was a ministerial duty of the president; neither the ordinances nor section 84 of the village law defining the duties of a street commissioner casting any duty upon him as to street encroachments or public nuisances until the village president has acted.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1498; Dec. Dig. § 696.*]

**4. MUNICIPAL CORPORATIONS** (§ 696*)—OBSTRUCTION OF STREET—PUBLIC NUISANCE—REMOVAL—RIGHT TO ENFORCE.

That one has a private interest in securing the removal of an encroachment upon a street does not deprive her of the right as one of the public to demand enforcement of the public right, nor does the fact that she has no private interest interfere with her assertion of the public right.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1498, 1499; Dec. Dig. § 696.*]

Woodward, J., dissenting.

Appeal from Special Term, Westchester County.

Mandamus by the People, on the relation of Margaret H. Foot, against John Gross, President of the Village of Tarrytown, and another. From an order denying the writ, relator appeals. Order, so far as it relates to the mentioned defendant, reversed, and writ against him allowed. Order, as against the other defendant, affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

Hartwell T. Heath (Walter F. Peacock, on the brief), for appellant. Clarence S. Davison, for respondents.

CARR, J. The petitioner is a taxpayer and resident of the village of Tarrytown. On a verified petition, she applied at Special Term, in Westchester county, for a peremptory writ of mandamus against the president and street commissioner of the village, requiring them to remove from a certain public highway in that village, known as Cobb's Lane, a picket fence which an abutting owner had erected in front of his premises, and which was located, as positively alleged in the petition, in the roadway of Cobb's Lane at about its middle line. The vil-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lage president denied any jurisdiction in the matter, and further alleged that he "has no knowledge or information sufficient to form a belief as to * * * the full width of said lane, or that the picket fence referred to in the seventh paragraph of the petition herein is an encroachment upon said lane," etc. His answering affidavit further sets up that there is some doubt as to the true boundaries of the lane in question. The street commissioner answered the petition by denying that any legal duty was imposed upon him under the circumstances. The learned court at Special Term refused to grant either a peremptory or an alternative writ of mandamus, for the reason, assigned in a brief memorandum, that the petitioner's rights were not clear, and that as an abutting owner on the land she might proceed by action to abate the nuisance of the alleged encroachment on showing her private damage. From the order entered on this decision, the petitioner appeals.

According to the strict rule of pleading which prevails in mandamus proceedings, the denial by the respondent the village president of any knowledge or information sufficient to form a belief as to whether the picket fence in question was an encroachment upon Cobb's Lane is insufficient to put in issue the positive allegations to the contrary in the petition. People ex rel. Kelly v. Common Council, 77 N. Y. 503, 33 Am. Rep. 659; Matter of Elder v. Bingham, 118 App. Div. 25, 103 N. Y. Supp. 617; People ex rel. Frost v. N. Y. C. & H. R. R. R. Co., 168 N. Y. 187, 61 N. E. 172. This being so, we have a situation where, according to the record, a public highway is encroached upon to its middle line by a picket fence erected by a private owner. This condition constitutes a public nuisance, and the duty to abate it rests upon some public officials of the village. The president of the village denies it rests upon him. Section 141 of the village law (Consol. Laws, c. 64) provides that the streets and public grounds of a village are under the exclusive control and supervision, of the board of trustees of the village. Section 90 of the same act gives the board of trustees power to enact ordinances on various subjects, and more particularly as follows:

"To regulate or prevent incumbering the streets or public grounds with any material whatever, or any encroachment or projection in, over, or upon any of the streets or public grounds, or any excavations immediately adjacent thereto."

In pursuance of this power, the trustees enacted ordinances, of which section 13 is as follows:

"No person shall erect any piazza, steps, fence, or obstruction of any kind within the line of any street or sidewalk in said village, under a penalty of ten dollars, and five dollars for each additional day said obstruction shall remain after notice to remove same, from the president of trustees."

Section 53 of the same ordinances forbids any owner or occupant of a lot or tenement to "cause or permit any public nuisance to be, or to remain in such tenement or upon such lot, or between the same and the center of the adjoining street," and directs the president of the village to forthwith serve a notice upon the owner or occupant to abate the nuisance, and provides a penalty for noncompliance on the part of the

occupant. Section 54 of the ordinances provides that, in case the owner or occupant fails to comply with the notice served under section 53, "the said nuisance may be abated by the street commissioner of said village at the expense of such owner or occupant." Among the duties cast upon the president of the village by section 80 of the village law, there is a specification as follows:

"It is his duty to see that the provisions of this chapter, and the resolutions and ordinances of the board of trustees, are enforced, to cause all offenses created thereby to be prosecuted," etc.

It is reasonably clear, therefore, that the duty of taking steps to enforce the removal of encroachments from the public highways of the village of Tarrytown is a ministerial duty of the president of the village. Neither the ordinances, nor section 84 of the village law, which defines the duties of the street commissioner, cast any duty upon that official in regard to street encroachments or public nuisances until the village president has acted. The fact that the petitioner has a private interest in securing the removal of an encroachment upon a public highway does not deprive her of the right, as one of the public, of demanding the enforcement of the public right, nor would the fact that she had no private interest in any way interfere with her assertion of the public right. People ex rel. Pumpyansky v. Keating, 168 N. Y. 390, 61 N. E. 637; People ex rel. Stephens v. Halsey, 37 N. Y. 344, 348.

On this record the petitioner has made out a case which in the discretion of this court entitles her to the issuance of a writ of mandamus, either peremptory or alternative, as the court may deem fit, against the respondent, the village president. As before indicated, section 84 of the village law, which defines the duties of the street commissioner, casts no duty in the premises upon that officer, and, so far as any duty is cast by the ordinances, it does not arise until after action under the ordinances by the village president. As the village president had taken no action, the street commissioner was not in default, and the motion for a mandamus was denied properly as to him. As to the respondent the village president, a writ should issue.

The order appealed from, in so far as it denies the motion for a writ of mandamus against the village president, reversed, with $10 costs and disbursements, and ordered that an alternative writ against him issue. The order, so far as it denies the motion against the street commissioner, is affirmed, with $10 costs and disbursements. All concur, except WOODWARD, J., who dissents.

WOODWARD, J. (dissenting). I am unable to concur in the opinion of Mr. Justice CARR. The rule in mandamus is that there must be a clear legal duty, involving no discretionary powers, and I fail to find in the papers any clear legal duty on the part of either of the respondents in reference to the fence which it is claimed has been erected within the limits of Cobb's Lane. There appears to be a dispute as to the boundaries of this thoroughfare. There is a dispute as to whether the fence is in fact in the highway, and to compel the respondents, or either of them, to remove this alleged obstruction, and to take upon themselves the responsibility of determining the correct boundary lines

of the way, is not within the legitimate province of the writ of mandamus. The streets and public places of villages are within the jurisdiction and control of the board of trustees (section 141, Village Law [chapter 64, Consol. Laws]), not of the president, and the only provisions of the ordinances of the village of Tarrytown to which attention is directed are sections 13, 53, and 54. The last two sections obviously relate to matters involving the public health, and have no relation whatever to a common-law public nuisance, such as is here complained of; while section 13 merely declares that:

"No person shall·erect any piazza, steps, fence, or obstruction of any kind within the line of any street or sidewalk in said village, under a penalty of ten dollars, and five dollars for each additional day said obstruction shall remain after notice to remove same, from the president of trustees."

The rule is well established that "the only liability which attaches to the infraction of an ordinance is the penalty which it imposes" (21 Am. & Eng. Ency. of Law, 1000); and section 13 of the ordinances of the village of Tarrytown does not, by implication, impose any other duty upon the president of the board of trustees than to give notice to those who may violate the ordinance to abate the obstruction as a condition precedent to the incurring of the penalty. There is nothing in the ordinances, properly construed, which imposes any duty on the president of the board of trustees to remove an obstruction from the highway. His only duty, if there is an actual obstruction, is to give notice, and then, if the person obstructing the street persists, he is liable to the penalty denounced against the act; but this involves no civil liability. 21 Am. & Eng. Ency. of Law, 1000.

It is conceded that there is no duty on the part of the street commissioner to act, and I am equally persuaded that there is nothing in the statutes or in the ordinances of the village which requires the president of the board of trustees to assume the burden of determining the boundaries of a highway, where they are in dispute, and to remove obstructions from the same. The questions here presented are too complex to come within the scope of mandamus, either peremptory or alternative, and I agree with the court below that the controversy should be tried out between the parties who are directly interested.