[No. 7809.]

## WOLFE v. ABBOTT ET AL.

1. EVIDENCE—*Judicial Notice*—A municipal ordinance is not judicially noticed but must be established by proof.

2. MUNICIPAL CORPORATIONS—*Power to Abate Nuisances*—Paragraph 45 of sec. 6525 of the Revised Statutes is not self-executing. The power granted must be exercised through an ordinance. The power granted by paragraph 53 of the same section, to prohibit "within one mile beyond the outer limits of the town any unwholesome or offensive business," has no application to places for the keeping or sale of intoxicating liquors, but only to such things as are offensive, or unwholesome within the ordinary use of the term, e. g., slaughter houses, pig-sties, feeding places, and the like; and even conceding the application of the provision to places kept for the sale of intoxicating liquors, it confers no power to declare such establishments beyond the limits of the town a nuisance.

3. ——*Manner of Exercising the Power*—The procedure for enforcing an ordinance prohibiting the sale of intoxicating liquors should be regulated by ordinance. If such establishments are declared a nuisance one charged with the offense should be prosecuted and tried on the specific accusation of maintaining a nuisance. The manner of effecting the abatement should be prescribed, and the order of abatement should conform to the ordinance, and the manner of proceeding should not be left to the discretion of the officer.

4. MUNICIPAL ORDINANCE—*Prosecution—Conviction of Offense Not Charged*—Charge of "selling and keeping liquor for sale." Conviction of "maintaining a nuisance," a fine imposed, and abatement of the nuisance ordered. The conviction is void.

5. ——*Publication*—The statute (Rev. Stat., sec. 6673), provides that all by-laws of a town imposing a fine, etc., shall be published in a manner specified, and "shall not be in force until the expiration of five days after they nave been so published." An ordinance declaring the keeping for sale of any intoxicating liquors a nuisance, and that the same "may be abated as any other nuisance." The provision quoted was never published. *Held*, that such provision never became of force, and a judgment convicting the accused party of maintaining a nuisance, and directing the abatement of such nuisance, is no justification for acts done pursuant thereto.

*Error to Washington District Court.*—Hon. H. P. BURKE, Judge.

Messrs. ALLEN & WEBSTER, for plaintiff in error.

No appearance for defendants in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1.   The complaint alleges that June 26, 1908, defendants unlawfully, wilfully, maliciously and forcibly entered plaintiff's residence, about half a mile from the town of Akron, Colorado, when he was away, and his wife and child were at home, and took therefrom and destroyed eight barrels of beer and one barrel of whiskey, and greatly frightened and made ill and sick his wife and child, to his damage, etc.

Defendants pleaded in justification that plaintiff Wolfe was tried and convicted before the police magistrate for maintaining a nuisance, by storing and keeping for sale at his residence, within one mile beyond the outer boundaries of the town, intoxicating liquors, in violation of a town ordinance, which nuisance, upon his conviction, the police magistrate ordered abated; that pursuant to the order, defendant Abbott as marshal, and the other defendants, excepting Mitchell, as acting marshals of the town, abated the nuisance by seizing, removing and destroying the liquor. The district court after hearing the evidence dismissed plaintiff's suit and he brings the case here on error.

2. On the afternoon of June 26, 1908, plaintiff Wolfe was tried and convicted in the police magistrate's court of the town of Akron. Immediately thereafter defendants, except Mitchell, went to his residence about half a mile beyond the town limits, when he was absent, entered the house, and against the protests of his wife, seized and took from the house and destroyed four or five barrels of beer and a part of a barrel of whiskey. This suit by Wolfe is to recover damages for the alleged trespass.

3. One person has no right to enter and search another's home, and seize, carry away and destroy his property without proceeding according to the law of the land.— *Canon City v. Manning*, 43 Colo. 144-151.

Defendants attempted to justify their conduct under an ordinance, which they say plaintiff was duly convicted of violating. The district court could take no judicial notice of the town ordinances. Defendants were obliged to introduce the ordinance upon which they relied, in evidence. It was admitted over plaintiff's objection, and is as follows:

"Ordinance No. 74."

"An ordinance concerning the sale of intoxicating liquors."

"Sec. 11. It shall be unlawful for any person to sell, barter, exchange, offer, keep or store for the purpose of selling, or to give away, offer to give away, or to keep or store for the purpose of giving away, in any building within the corporate limits of the town of Akron or within one mile of the outer boundaries of said town, any intoxicating, malt, vinous, mixed or fermented liquors; and the sale, storing, bartering, exchanging, offering or keeping for sale or keeping or storing for the purpose of giving away any such liquors within any building as aforesaid, is hereby declared to be a nuisance, *and may be abated as any other nuisance.* * * * Any person violating the provisions of this section shall be deemed guilty of an offense, and upon conviction thereof shall be fined in a sum not less than $100 nor more than $200 for each offense."

"Sec. 14.   Whereas in the opinion of the board of trustees, an emergency exists requiring that this ordinance take effect and go in (force) from and after its passage."

To prove plaintiff was convicted of violating this ordinance, defendants introduced the journal or written docket entries of the trial, kept by the police magistrate, as follows:

"State of Colorado,

ss.

County of Washington,
Town of Akron.

The Town of Akron,

*Plaintiff*,

v.

Willis Wolfe,

*Defendant.*

In the police c o u r t within and for the town aforesaid, before T. D. Mitchell, police magistrate.

June 23, 1908.   Complaint made and filed by John F. Dole, charging the violation of ordinance 74.   Selling liquor and keeping liquor for sale, in Akron, Colorado, and within one mile thereof, and warrant issued for the arrest.

June 25.   Case set for June 26, at 9 o'clock A. M.

June 26.   Court convened and case continued till 1 o'clock P. M.   *   *   *   Trial had and defendant found guilty of maintaining a nuisance in the City Drug Store in Akron, Colorado, and fine assessed at $200 and costs of suit, and nuisance ordered abated.   Defendant found guilty of maintaining a nuisance within one mile of city limits, and in the Yeamans house or ranch.   Fine assessed at $200 and costs of suit and nuisance ordered abated as per order to the town marshal, and defendant committed to the town jail until fine and costs are paid."

4.  We do not know whether the complaint upon which plaintiff was tried and convicted, and the alleged order abating the nuisance, given by the magistrate upon which it is claimed defendants acted, were in fact introduced in evidence or not.  They are not in the record, or bill of exceptions, which recites that it contains all the evidence.  The police magistrate's court was a court of inferior jurisdiction, and its record had to recite the facts necessary to confer jurisdiction. There being no copy of the complaint here, we can only determine the nature of the charge by the docket entries.  This record kept by the magistrate, discloses no lawful authority or justification for the conduct of the defendants in entering plaintiff's residence against his will, seizing, removing and destroying his property.  The magistrate's docket shows that Wolfe was charged with, and tried for selling and keeping for sale in the town, and within one mile beyond the outer boundaries thereof, intoxicating liquor in violation of ordinance 74; that he was convicted of maintaining a nuisance at two different places, at his city drug store in town, and at his residence beyond the town limits; that he was fined $200 for each offense, and each nuisance ordered abated.  He was not charged with or tried for maintaining a nuisance, hence there could be no judgment finding him guilty of that offense.  He was charged with selling and keeping liquor for sale in violation of the ordinance.  There was no complaint or trial for keeping a nuisance, and the order of abatement, if one was given, was illegitimate.  One cannot be convicted, fined under a town ordinance for maintaining a nuisance, imprisoned to collect the fine, and his property seized and destroyed to abate the nuisance, without due process of law.—*Houston v. Walton,* 23 Colo. App. 282.

5.  Section 6673, Rev. Stats. 1908, provides:

"All ordinances shall, as soon as may be after their passage, be recorded in a book kept for that purpose,  *   *   * and all by-laws of a general or permanent nature, and those

imposing any fine, penalty or forfeiture, shall be published in some newspaper published within the limits of the corporation, * * * and it shall be deemed a sufficient defense to any suit or prosecution for such fine, penalty or forfeiture, to show that no such publication was made; * * * such by-laws and ordinances shall not take effect and be in force until the expiration of five days after they have been so published."

One of the issues in the district court was, that the ordinance had not been published, and it was admitted on the trial that the italicized portion, "And may be abated as any other nuisance," was not published. This ordinance was in force as published. The unpublished portion never took effect, hence, the omitted part could constitute no justification.—*Union Pacific Co. v. Montgomery,* 49 Nebr. 429; *Union Pacific Co. v. McNally,* 54 Nebr. 112; *O'Hara v. Town of Park River,* 1 N. D. 279; *Kneib v. People,* 50 How. Prac. 140; *Herman v. City of Oconto,* 100 Wis. 391; *Carpenter v. Yeaton Borough,* 208 Pa. 396; *Nat. Bank v. Town,* 48 Fed. 278.

6. Section 6525, paragraph 45, R. S., 1908, relating to the powers of towns, provides, they shall have power "To declare what shall be a nuisance, and to abate the same, and to impose fines on parties who may create, continue or suffer a nuisance to exist."

It is claimed this statute gave power to the town to declare what should constitute a nuisance, and to abate it without any ordinance; therefore the clause omitted from the printed ordinance was immaterial because the town had that power anyway, under the statute, without the ordinance. This statute is not self-executing. It grants the power; but it must be exercised through an ordinance.

7. Assuming, under paragraph 45, the town had power to declare it a nuisance for one to sell or keep for sale intoxicating liquor inside the corporate limits, and, by ordinance regulating the procedure, to abate the nuisance, this does not confer power to declare what shall constitute a nuisance within a mile beyond the outer boundaries, and abate it. Towns

possess such powers as are granted them. We are not unmindful of the fact that paragraph 18 of the section confers powers upon towns by ordinance to prohibit the selling or giving away of intoxicating liquor within one mile beyond the outer boundaries; but the manner of enforcing the prohibition is through an ordinance imposing a fine.

Paragraph 53 provides they shall have power to prohibit within or within one mile beyond the outer boundaries of the town, any offensive or unwholesome business or establishment, and to prohibit the carrying on of any business or establishment in an offensive or unwholesome manner within one mile beyond the outer boundaries of the town. This statute does not apply to liquor, and if it did, there is no power given to declare the enumerated matters a nuisance with power to abate the same. The town must prohibit the things mentioned, and enforce the prohibition by fine and imprisonment. The power by ordinance to prohibit and abate a nuisance within a mile beyond the outer boundaries of towns is not conferred by this paragraph. Besides, it must be evident to any comprehensive mind, that paragraph 53 was intended to apply to those things which are offensive to the senses, or unwholesome in the sense in which the terms are ordinarily used. They refer to such things as dead carcasses, offensive and unwholesome slaughter houses, privy vaults, pig sties, feeding pens and the like.

8. The mere sale of or keeping for sale, intoxicating liquors, is not a nuisance *per se;* but the town council had power to declare it a nuisance by ordinance.—*Houston v. Walton,* 23 Colo. App. 282.

This power did not authorize the police magistrate, when Wolfe was tried and convicted before him on a charge of selling liquor contrary to the ordinance, to summarily declare him guilty of maintaining a nuisance and order the marshal to abate it. The procedure should be regulated by an ordinance, and the manner of abatement not left to the discretion of the officer executing the order. The ordinance provides that this

nuisance shall be abated as any other nuisance, which means in a lawful manner. The ordinance after declaring what should be a nuisance, should have provided the manner of abating it, and the defendant should have been tried for maintaining a nuisance, and if convicted, the order of abatement should have been in conformity with the provisions of the ordinance.                    *Reversed and Remanded.*

CHIEF JUSTICE MUSSER concurs specially.

Mr. JUSTICE SCOTT concurs.

CHIEF JUSTICE MUSSER specially concurring in a reversal:

While I concur in a reversal of the judgment, I am unable to agree with all that is said in the opinion of Mr. Justice Garrigues, and am, therefore, impelled to give my reasons for a reversal.

The eighteenth sub-division of section 6525 of the Revised Statutes of 1908 gives to boards of trustees in towns such as Akron power over liquors in language as follows: "To have the right, subject to the laws of the state, to license, regulate or prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor within the limits of the  *  *  *  town, or within one mile beyond the outer boundaries thereof, except where the boundaries of the two  *  *  *  towns adjoin; the license not to extend beyond the municipal year in which it shall be granted, and to determine the amount to be paid for such license;" etc.

This statute gives a town the same power to regulate or prohibit the sale of intoxicating liquors within one mile beyond its boundaries as is given to it with respect to the same matter within its limits. If the town may prohibit such sale within its boundaries by the exercise of a power given it, the sale may be prohibited in the same way within one mile beyond its boundaries. Sub-division forty-five of the same sec-

tion gives to such boards of trustees the power "To declare what shall be a nuisance and to abate the same, and to impose fines upon parties who may create, continue or suffer nuisances to exist." This sub-division grants the power, (1) to declare what shall be a nuisance, (2) to abate the same, and (3) to impose fines upon the parties designated. It appears to me from this sub-division that the town may abate a nuisance by proceeding against the thing itself or procure its abatement by imposing a fine upon the person who may suffer it to continue, or abate the nuisance in some way and fine the party responsible. This sub-division is not self-executing. It is necessary for a town to do something to carry the power granted into effect, and in the sixty-sixth sub-division of the same section a town is given the power to pass all ordinances and rules and to make all regulations proper or necessary to carry into effect the power granted. By virtue of the eighteenth sub-division aforesaid, a town may, by an ordinance, declare unlawful the selling of intoxicating liquors within its limits or within one mile beyond its outer boundaries. There is no doubt, under the authorities, that when a town has, by ordinance, made it unlawful to sell or keep for sale intoxicating liquors within its limits it may denounce such selling or keeping for sale as a nuisance, and under such circumstances the denunciation is conclusive.—*Lauzel v. Bushnel,* 197 Ill. 20; *Houston v. Walton,* 23 Colo. App. 282, 129 Pac. 263, and authorities therein cited. It may do this with reference to the selling or keeping for sale of intoxicating liquors within one mile of its limits, because by sub-division eighteen it is given the same power with respect to intoxicating liquors within one mile of its limits as within its limits. After a town has thus declared such sale or keeping for sale a nuisance, it may provide for the abatement thereof. Like the power to denounce the nuisance, the power to abate it can not be effective until the town elects to exercise the power and declares how it shall be exercised. This power is not self-executing, but must be carried into ef-

fect by some affirmative action of the town. This must be true, for nuisances may be abated in various ways, and it was surely not intended to leave the manner of their abatement to the whim of the officers or persons authorized to abate them.

The particular nuisance denounced in this case was not the liquor itself, but it was the unlawful sale or keeping for sale that constituted the nuisance, and it was the selling or keeping for sale that was to be abated. It might have been abated by destroying the liquor, by removing it more than one mile beyond the limits of the town, by finding the person selling it or keeping it for sale for each day of its maintenance, so that he would be induced to cease selling it or keeping it for sale, or the town might conclude that its abatement might be obtained by fining the person a single amount. It seems to me that it is for the board of trustees, to whom the power to abate is granted, to determine in some suitable way the lawful manner in which they will exercise the power, and the manner, if lawful, so determined by the board is the one to be followed by the town officers. What did the trustees of the town of Akron do in regard to this matter? The record discloses section 11 of ordinance 74 of the town of Akron, as set out in the opinion of Mr. Justice Garrigues. It is plain that the portion of the printed ordinance, which was not published, to-wit, "and may be abated as any other nuisance," is not a part of the ordinance. If we assume that the rest of the ordinance stands, which is the most that can be assumed for the defendants in error, the section provides that the selling or keeping for sale of intoxicating liquors within the territory mentioned is unlawful, denounces such selling or keeping for sale as a nuisance and imposes a fine for any violation of the provisions of the section. The only penalty prescribed by this ordinance for the violation of any of its provisions is a fine. The only manner declared by the ordinance by which an abatement was sought or might result was the imposition of a fine. The trustees, by this ordinance, had not determined to abate the

nuisance therein denounced by a destruction of the liquor. If the ordinance had provided that, upon conviction before the magistrate, the liquor should be seized and destroyed, an entirely different question would be presented and one upon which I express no opinion because it is not in this record.

When the defendant was charged in the magistrate's court with selling and keeping for sale intoxicating liquors, it appears to me that he was sufficiently charged with maintaining a nuisance, for it was the selling or keeping for sale of liquor that was denounced as a nuisance and the declaration in the ordinance that it was a nuisance was conclusive on that point, as is amply sustained by the authorities cited above. The trial and judgment in the magistrate's court was a judicial determination of the fact that he did maintain a nuisance, and the magistrate imposed a fine as provided in the ordinance. That is as far as the magistrate could go under that ordinance.

If the words not published, to-wit, "and may be abated as any other nuisance," were a part of the ordinance, still the defendants would not be justified so far as this record is concerned, for no ordinance of the town of Akron was introduced showing that the board of trustees had elected to abate such a nuisance by the destruction of the property. The court would not be able, under such circumstances, to say that the nuisance was abated as any other nuisance.