In the Matter of the Application of ARTHUR C. PRESSEL for a Mandamus Order against ARTHUR N. FERRIS, as Town Clerk, and RICHARD A. BENNETT, as Supervisor of the Town of Eastchester, Westchester County, New York.

Supreme Court, Westchester County, September 23, 1933.

*J. Henry Esser* and *Abraham Rosenburg* of counsel [*Abraham Rosenburg* on the brief], for the petitioner.

*William C. Olsen*, for the respondents.

CLOSE, J. The petitioner seeks a peremptory order of mandamus directing the supervisor and town clerk of the town of Eastchester to issue to the petitioner a license to conduct a restaurant upon premises owned by him. The question is whether an amendment to the town zoning ordinance adopted July 15, 1931, is enforcible or not. The particular amendment under attack zoned the petitioner's property as residence " E," and restaurants are not allowed in that particular zone. It was upon this ground that the license was refused.

It is admitted that the amendment was published but once after its adoption and was not posted at all. If the law requires publication and posting, then the ordinance is void.

Municipal corporations are held to a very strict compliance when they act under legislative authority, that is, in derogation of the common law. (*Rathbun* v. *Acker*, 18 Barb. 393; *Matter of Douglass*, 46 N. Y. 42.)

The respondents concede that the law required the original ordinance to be published and posted (Town Law of 1909, § 141-c,* subds. 18–18-h, as added by Laws of 1926, chap. 715), but argue that the same subdivisions do not require that an amendment be either published or posted. I am unable to agree with them. The provision requiring publication of a zoning ordinance reads as follows: " A zoning ordinance adopted pursuant to the provisions of this chapter shall not become effective until it shall have been published in a newspaper published in the town, if any, or in such newspaper published in the county in which such town may be located having a circulation in such town, as the town board may designate, twice, once in each week for two consecutive weeks, and shall have been posted in six public places in such town for not less than ten days. In any specific case, however, such zoning ordinance shall take effect when personal service is made of a copy thereof certified by the town clerk under the corporate seal of the town and showing the date of its passage by the town board."

The town was acting pursuant to the authority granted by chapter 715 of the Laws of 1926. (See petitioner's Exhibit " I.") As to amendments that chapter (Chap. 715, Laws of 1926) provides as follows: " 18-d. Changes. Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed. * * * The provisions of the previous section [subdivision] relative to public hearings and official notice shall apply equally to all changes and amendments."

The previous subdivision requires a notice by publication of at least fifteen days to be given of any proposed hearing. I am firmly convinced that the amendment must be published and posted after its enactment. The requirement that a zoning ordinance shall not become effective until after publication once each week for two successive weeks and be posted in six public places applies to an amendment. If the amendment is general in character, then the entire revised ordinance must be published, otherwise only the particular amendment. Even assuming that chapter 715 of the Laws of 1926 is ambiguous, there was another provision of the Town Law that required publication and posting (§ 17, as added by

---

* Renum. from § 142-a by Laws of 1929, chap. 62.— [REP.

Laws of 1926, chap. 487). That the ordaining body believed that the amended ordinance had to be published and posted is apparent, it seems to me, from the ordinance itself. It reads: " Adopted by the Town Board of the Town of Eastchester July 15th, 1931, *Effective Aug. 13th, 1931.*"

The ordinance in so far as it attempted to change the zoning regulations affecting the petitioner's property cannot be recognized by the court. (*Kneib* v. *People,* 50 How. Pr. 140.)

No issues are raised by the respondent's return. Denials of positive allegations upon information and belief are not sufficient. Nor is a denial based upon lack of sufficient knowledge or information of any avail. (*People ex rel. Frost* v. *N. Y. C. & H. R. R. R. Co.,* 168 N. Y. 187; *People ex rel. Foot* v. *Gross,* 137 App. Div. 77.)

Motion is granted, without costs.

Settle order on notice.