The People of the State of New York, Respondent, *v.* Bruce L. Hall, Appellant.

County Court, Otsego County, October 21, 1937.

*O. L. Van Horne* [*Theodore F. Feury* of counsel], for the appellant.

*Clermont G. Tennant*, for the respondent.

Leamy, J. On March 7, 1936, a summons was issued to the defendant charging him with violating section 73 of the ordinances of the village of Cooperstown by failing to observe a " stop sign " at the intersection of Glen avenue and Chestnut street in that village. The defendant appeared pursuant to the summons and through his counsel conceded his failure to stop at the intersection in question, but moved to dismiss the information on the ground

that the ordinance in question was invalid. The motion was denied, the defendant found guilty and fined the sum of ten dollars. An appeal was allowed March 16, 1936, and, because of circumstances not pertinent here, the appeal has never been brought on for argument and decision until the present time.

Cooperstown is a village of the third class. Subdivision 31 of section 19 of its charter (Laws of 1889, chap. 511), as renumbered subdivision 32 by chapter 109 of the Laws of 1935, provides that the board of trustees of the village shall have power within its limits " To have full power to make, continue, modify and repeal such by-laws, ordinances, regulations and resolutions as may be necessary to carry into effect any and all powers vested in or by this act conferred upon the trustees of said village, or said corporation; and to carry into effect and to enforce any of the powers, privileges and rights at any time granted to, conferred upon or possessed by said trustees or corporation; and shall have full power to enforce obedience to said ordinances and observance thereof, by ordaining penalties for each and every violation thereof, in such sum as said trustees may deem expedient, not exceeding one hundred dollars. Every ordinance, rule, regulation and by-law to which a penalty for violation is attached, shall be published in one or more papers in the village for two consecutive weeks next ensuing after the same shall have been adopted by the board of trustees."

Subdivision 2 of section 90 of the Vehicle and Traffic Law, as renumbered and amended by chapter 756 of the Laws of 1930, provides in substance that the legislative body of a city or village may by ordinance designate certain public highways or parts thereof as main arteries of travel and require that all vehicles approaching such main arteries shall, before entering the same, come to a complete stop. The statute contains certain other requirements with reference to signs to be erected.

At a regular meeting of the board of trustees of the village on July 10, 1933, the ordinance in question, numbered section 73 of the by-laws and ordinances of the village of Cooperstown, was duly adopted and ordered published in accordance with the provisions of subdivision 31 of section 19 of the charter, above set out. The pertinent provisions of the ordinance are as follows:

" At a regular meeting of the Board of Trustees of the Village of Cooperstown, duly and regularly called, held at the Village Hall, Cooperstown, New York, on July 10th, 1933, it was regularly moved and carried that the following Ordinance be adopted to constitute Section 73 of the By-Laws and Ordinances of the Village of Cooperstown, New York, and that the same be published for two weeks in the official newspaper as required by law.

" The following streets are hereby designated as stop streets: * * * Glen Ave. and Chestnut * * *

" All vehicles approaching an intersection of said streets shall, before crossing or turning into the same, come to a full stop unless otherwise directed by a traffic officer or signal. Any person violating any provision of this Ordinance may upon conviction be punished for the first offense by a fine of not less than ten dollars ($10.00) nor more than twenty-five dollars ($25.00), or by imprisonment for not less than two nor more than fifteen days. The third or any subsequent offense within one year shall be punishable by a fine not exceeding one hundred dollars ($100.00) or imprisonment not exceeding six months or both such fine and imprisonment."

On December 9, 1935, at another regular meeting of the board of trustees, a motion was made and adopted " that the ordinance adopted in 1933 for stop streets be published for two weeks and enforced." No publication had taken place in the interim. Pursuant to this last motion, the ordinance, as adopted in 1933, was published for two successive weeks, commencing January 10, 1936, in the *Otsego Farmer*, a Cooperstown weekly paper. It is conceded that a valid stop sign had been placed on the southwest corner of Chestnut street and Glen avenue immediately after the original adoption of the ordinance in 1933. The questions thus arising are whether the failure to publish the ordinance for two successive weeks following its original adoption invalidated it and, if so, whether this was cured by the motion passed at the December, 1935, meeting and the subsequent publication.

" The rule applicable to the corporate authorities of municipal bodies is that when the mode in which their power is to be exercised is prescribed by the charter, that mode must be followed." (*City of Glens Falls* v. *Standard Oil Co.*, 127 Misc. 104, 111.) The village charter of Cooperstown requires the publication of every ordinance to which a penalty for violation is attached for two consecutive weeks next ensuing after the same shall have been adopted. Such a requirement is not unreasonable. Provisions with respect to the publication of ordinances are intended to enable the public to acquire knowledge of the ordinance. Where persons are made liable to penal consequences it is a hardship if they are not reasonably informed. (2 McQuillin Mun. Corp. p. 597.)

In the instant case no publication took place until about two years and a half after the adoption of the ordinance. This does not constitute a substantial compliance with the requirement of the charter. " Provisions respecting publication and sufficient notice are generally held mandatory, and hence failure to publish in substantially the manner prescribed renders the ordinance or resolution

void." (2 McQuillin Mun. Corp. p. 664; *Kneib* v. *People*, 50 How. Pr. 140.) The conclusion seems inescapable, therefore, that the ordinance is invalid for want of proper publication. This result is not changed by the motion passed December 9, 1935, because, in the first place, this was not followed by proper publication, and, in the second place, the motion did not constitute the adoption of an ordinance, but, rather, was merely a resolution recognizing the previous passage of the ordinance and directing its publication. This view makes it unnecessary to consider the other objections raised by defendant.

Judgment reversed and fine remitted.