Matthew J. Jasen, J.
This is an article 78 (Civ. Prae. Act) proceeding commenced by the petitioner against William Eagan, the Commissioner of Public Works of the City of Lackawanna, New York, to compel the latter to revoke a building permit issued by him which would permit the construction of nine five-family dwellings in the 4th Ward of the City of Lackawanna.
Prior to November, 1957, it was illegal to construct dwellings for more than two families in the 4th Ward of the City of Lackawanna. On November 26, 1957, the Common Council of the City of Lackawanna passed an ordinance repealing the *252 ordinance which prohibited the erection of dwellings for more than two families in the 4th Ward of the City of Lackawanna and also enacted a new zoning ordinance which permitted the erection of multiple dwellings in all areas of the 4th Ward of the City of Lackawanna which were not zoned for residences. Both of these ordinances stated that they were to b.e" effective immediately.
On December 2, 1957, the respondent commissioner of buildings issued a building permit to Burmon Construction. Company, Inc., permitting the erection of nine five-family dwellings in a nonresidential area of the 4th Ward of Lackawanna. ' On the 10th day of December, 1957, the Common Council of the City of Lackawanna adopted a resolution directing the .respondent commissioner of public works not to issue any building permits for the erection of multiple dwellings within the 4th Ward of the City of Lackawanna.
Petitioner claims that the issuance of the building permits was void and illegal in that the ordinances under which the permits were issued were not in effect on December 2, 1957, the date of their issuance. He claims that before the ordinances in question could become effective, it was necessary for them to be published in the official city newspaper once a week for two successive weeks. The ordinances were published in the Laclcawanna Leader, the official newspaper of the City of Lackawanna, on December 5 and December 12, 1957, so that if petitioner’s contention is correct, the ordinances permitting the issuance of the building permits in question could not have been effective until December 12, 1957. Petitioner further claims that the resolution passed by the Common Council on December 10,1957, which directed the building commissioner not to issue any building permits for multiple dwellings within the 4th Ward of the City of Lackawanna effectively prevented the issuance of the building permits in question at any time following the effective date of the ordinances.
The issuance of the building permits in question was illegal and they are void and of no effect. There can be little question that where a provision of a city charter requires publication of an ordinance prior to its becoming effective, such requirement is mandatory and the ordinance is of no effect until such time as it is properly published. (McQuillan on Municipal Corporations [3d ed.], vol. 5, § 16.78, p. 300; Cherubino v. Meenan, 253 N. Y. 462; Matter of Pressel v. Ferris, 148 Misc. 910 Matter of City of Long Beach v. Public Service Comm., 249 N. Y. 480; City of New Rochelle v. Echo Bay Waterfront Cory., 182 Misc. 176; People v. Hall, 165 Misc. 129.) The ordinances in question *253 could not have become effective until December 12, 1957, the date of the second publication in the official newspaper of the City of Lackawanna. Since the Common Council, by its resolution on December 10, 1957, has prevented the commissioner of buildings from issuing any permits for the building of multiple dwellings in the 4th Ward of the City of Lackawanna, the permits issued on December 2,1957, are void.
The prayer of the petitioner for an order directing the respondent to revoke and cancel the nine building permits issued to Burmon Construction Company, Inc., for the construction of nine multiple dwellings on Boland Drive in the city of Lackawanna is granted.
Submit order accordingly.