In the Matter of the Estate of EMILY M. GALLATIN, Deceased.

Surrogate's Court, Orange County, November 15, 1946.

Leslie D. Dawson for executor, appellant.

Charles H. Borland for State Tax Commission, respondent.

TAYLOR, S. The executor appeals from the *pro forma* taxing order based upon the appraiser's report. The basis of the appeal is the failure of the appraiser to allow as deductions debts of the decedent consequent upon the repair of certain real property at Newport, Rhode Island, which was severely damaged by a hurricane in 1944. The repairs in question were ordered and apparently completed in the decedent's lifetime but were paid for by the executor. The appraiser declined to allow these deductions because in his opinion they were an " indebtedness in respect to " real property which was not included in the gross estate for the reason that it was situate without the State.

The pertinent statute is section 249-s of the Tax Law which, so far as applicable here, provides: " For the purpose of the tax the value of the net estate shall be determined by deducting from the value of the gross estate: 1. Such amounts (a) for funeral expenses, (b) for administration expenses, (c) for claims against the estate, (d) for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate * * * "

The Federal Statute (Internal Revenue Code, § 812, subd. [b], cls. [1]–[4]; U. S. Code, tit. 26, § 812, subd. [b], cls. [1]–[4]) contains identical language. The separation of the items is the same as in the State statute, except it is indicated by numbers and not letters.

In construing tax statutes it has been held that the literal meaning of the words is important, for such statutes are not to be extended by implication (*United States* v. *Merriam*, 263 U. S. 179), and again " Finally, the fact must not be overlooked that we are here concerned with a taxing act, with regard to which the general rule requiring adherence to the letter applies with peculiar strictness." (*Crooks* v. *Harrelson*, 282 U. S. 55, 61.)

With these rules in mind an analysis of the statute as written will be helpful. It is to be noted that the statute provides for the deduction from the value of the gross estate of four different types of indebtedness and that the distinction among them is

made by lettered or numbered separation. The statute indicates careful draftsmanship in that in addition to providing for deduction " for claims against the estate " it also provides for deduction of amounts " for funeral expenses " and " for administration expenses ", for it has been stated that funeral and administration expenses are not technically claims against the estate as the latter expression is generally understood. (See *Crooks* v. *Harrelson*, 282 U. S. 55, *supra*.) This thoroughness of draftsmanship not only permits, but requires the conclusion that clause (d) was intended to cover a type of deduction not comprehended within the preceding specifications.

Continuing further the analysis of the language of the statute it is to be observed that clause (d) permits the deduction of amounts " for unpaid mortgages upon, or any indebtedness in respect to, property *where the value of decedent's interest therein, undiminished by such mortgage or indebtedness* is included in the value of the gross estate ". (Italics supplied.) The words "or any indebtedness in respect to " are a part of the same subdivision, they are not set off from the other types of claims by letters or numbers and they must be read with those portions of the subdivision which precede and follow them. Mortgages can be deducted only where the mortgaged property " undiminished by such mortgage " is included in the gross estate, and " any indebtedness in respect to " property can be deducted only where the value of such property " undiminished by such * * * indebtedness " is included. Obviously, these words " indebtedness in respect to " can have reference only to an indebtedness which is in some form a lien upon property. No mechanic's lien or other lien was filed in this case so that such element does not enter into the present problem. Can it be said that the value of the decedent's interest in the Rhode Island property was diminished by the unsecured claims of workmen and materialmen with respect to the repair of that property? If these claims are not properly deductible, then could it not be said that the wages of the caretaker, the gardener, the watchman, the servant who dusted the woodwork, washed windows or cleaned the walks or shovelled the snow from the roof, sidewalks and driveways, would not be a proper claim against the estate and deductible for estate tax purposes? If Rhode Island or the Federal Government were to appraise the Newport property for estate tax purposes, would they not value the property in its repaired or restored condition as of the time of decedent's death? If the decedent had carried tornado insurance and it had been paid after the decedent's death, would not such insur-

ance be included in the gross estate, even though the property involved be located without the State, provided, of course, deduction had not been taken for income tax purposes?

Illustrative of the principle that taxing statutes are not to be extended beyond the clear import of the language employed are the cases of *Zonne* v. *Minneapolis Syndicate* (220 U. S. 187) and *McCoach* v. *Minehill Railway Co.* (228 U. S. 295).

In the *Zonne* case (*supra*) it was held that the corporate owner of an office building, which it leased for a number of years and its only activity was the ownership of the property, was not doing or carrying on business in a corporate or quasi-corporate capacity, within the meaning of a taxing statute.

In the *McCoach* case (*supra*) it appears that the defendant had leased all its property to another railroad and a question arose under a statute imposing a tax on " * * * every corporation * * * organized for profit and having a capital stock represented by shares * * * *and engaged in business in any state* * * *."* (Italics supplied.) The lease provided for a fixed annual rental, and the Minehill Company, in addition to such rental, received annual interest on some bank deposits and dividends, and it retained its corporate existence and certain employees. It was held that as the Minehill Corporation was organized primarily for conducting a railroad, it was not " engaged in business " within the meaning of the statute after it had leased its entire plant, and, further, that the receipt of income from leased property, interest and dividends on invested capital, bank deposits, and the like, and distribution thereof among stockholders, was not being " engaged in business ".

*United States* v. *Warren R. Co.* (127 F. 2d 134) was an action for income taxes and the question there involved arose upon the interpretation of the lease which provided for the payment by the lessee of taxes " imposed upon the premises and property * * * or upon any part or parcel thereof ", and it was held that these words were not sufficiently comprehensive to require the lessee to pay the lessor's income tax.

The lease involved in *Johnson* v. *Western Union Tel. Co.* (293 N. Y. 379) was obviously much broader and all inclusive, than that in the *Warren* case (*supra*).

In *Crooks* v. *Harrelson* (282 U. S. 55, *supra*) there was involved the construction of a Federal statute which provided that there should be included in the gross estate all property wherever situate " (a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and

the expenses of its administration and is subject to distribution as part of his estate * * *.'' This case arose in Missouri and the law of that State provided that real property was not subject to the expenses of the administration of the estate, and it followed that it was not includible in the gross estate for Federal tax purposes. It was contended that under Missouri law the court might order the sale of decedent's real property to pay debts and legacies if the personalty should be insufficient therefor and that upon such sale the executor would be entitled to commissions, but the Supreme Court in answering this contention declined to extend the statute beyond the clear import of its language and said (p. 62): `` * * * it is sufficient to say * * * that this commission is not an expense of administration, but an expense incidental to the sale of the lands.'' A similar conclusion was reached in *Scott* v. *Commissioner of Internal Revenue* (69 F. 2d 444).

This problem is an instance for the application of the rule of construction known as *ejusdem generis*, for, here, we have specific words, viz., `` unpaid mortgages '' followed by general words `` any indebtedness in respect to '', and the remainder of the clause clearly limits `` indebtedness '' to that type of indebtedness which would diminish the value of the decedent's interest in the property. It would seem that the decedent's interest in real property could be diminished only by a mortgage thereon, or another type of indebtedness partaking of the nature of a mortgage, in other words, of such a nature as to be chargeable against and diminish `` the value of decedent's interest '' therein.

This rule of construction is illustrated in *People* v. *Lamphere* (219 App. Div. 422), *Rosenstein* v. *Farish Co., Inc.* (109 Misc. 411, revd. on other grounds 185 N. Y. S. 42), *Lantry* v. *Mede* (127 App. Div. 557, affd. 194 N. Y. 544), *Davids Co.* v. *Hoffmann-La Roche Chemical Works* (178 App. Div. 855), *State Board of Pharmacy* v. *Gasau* (195 N. Y. 197) and *Caddy* v. *Interborough Rapid Transit Co.* (195 N. Y. 415).

The words `` in respect thereof '' were defined in *Woodruff* v. *Oswego Starch Factory* (177 N. Y. 23). This case involved the tax upon rents reserved in a perpetual lease. The lessee covenanted to pay `` all taxes, charges and assessments, ordinary and extraordinary, which shall be taxed, charged, imposed or assessed on the hereby demised premises and privileges or any part thereof, or on the said parties of the first part [the lessors], their heirs and assigns in respect thereof '', and it was held that the words `` in respect thereof '' referred to taxes upon the real

property itself and not to rents accruing by reason of a lease of the real property.

The appeal of the executor will be sustained and a deduction of $3,191.08 allowed from the gross estate as a claim against the estate under clause (c) of subdivision 1 of section 249-s of the Tax Law.

Settle order on five days' notice or by consent.