LILLY HARRIS, Appellant, v. C. B. E. REALTY CORP., Respondent.— In an action to recover damages for personal injuries suffered by plaintiff when she applied a lighted match to the burner of a gas range in her apartment, judgment entered on the verdict of a jury in favor of defendant, unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Johnston, Adel, Sneed and Wenzel, JJ.

In the Matter of the CITY OF NEW YORK, Acting for and on Behalf of the New York City Housing Authority, Respondent, Relative to Acquiring Title to Real Property within the Area Bounded by MARCY AND OTHER AVENUES, in the Borough of Brooklyn, Selected as a Site for the Marcy Houses. EAGLE CONE CORPORATION, Appellant.— Appeal from a decree in a condemnation proceeding by the owner of Damage Parcel No. 23. Final decree, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ.

In the Matter of SANFORD A. DAVISON et al., Respondents, against JOHN J. FLANAGAN, as Building Inspector of the Incorporated Village of Rockville Centre, Appellant.—Final order dated July 1, 1947, in a proceeding under article 78 of the Civil Practice Act, directing the building · inspector of the Village of Rockville Centre to issue to respondents a building permit to alter a one-family dwelling into a two-family dwelling and, upon completion of such alterations, to issue a certificate of occupancy thereof, unanimously affirmed, with $50 costs and disbursements to respondents. Appeal from orders dated December 10, 1946, June 23, 1947, and June 30, 1947, dismissed, without costs. In our opinion subdivision 2 of section 1 of article IV of the Building Zone Ordinance (No. 51) of the Village of Rockville Centre, insofar as it requires the consent and permit of the board of appeals to such an alteration, is unconstitutional. (*Matter of Small* v. *Moss,* 279 N. Y. 288; *Panama Refining Co.* v. *Ryan,* 293 U. S. 388; *Yick Wo* v. *Hopkins,* 118 U. S. 356.) Upon the record here presented respondents were entitled to the permit as a matter of right. (*Seattle Trust Co.* v. *Roberge,* 278 U. S. 116.) Present — Lewis, P. J., Johnston, Adel, Sneed and Wenzel, JJ.

In the Matter of the Estate of EMILY M. GALLATIN, Deceased. STATE TAX COMMISSION, Appellant; R. HORACE GALLATIN, as Executor of EMILY M. GALLATIN, Deceased, Respondent.— Appeal by the State Tax Commission from an order of the Surrogate's Court, Orange County, sustaining the appeal of the respondent-executor from a *pro forma* order fixing the estate tax 'of the decedent by increasing the deductions allowable. Order unanimously affirmed, with costs. Decedent died a resident of this State. At the time of her death she owned real property in Rhode Island. During her lifetime she ordered repairs made to that property. There were also other expenses incurred during her lifetime for maintenance of the property. The executor paid the cost of these repairs and the other expenses incurred for maintenance. The transfer tax appraiser refused to allow these sums as a deduction from the gross estate under the provisions of section 249-s of the Tax Law. On appeal by the executor from the *pro forma* order entered on the appraiser's report, the Surrogate sustained the appeal and allowed the deductions. In our opinion the deductions were properly allowed. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ. [188 Misc. 54.] [See *post,* p. 967.]