In the Matter of RUTH O'BEIRNE, Petitioner, against RUSSELL P. KOEHLER et al., Constituting the Board of Appeals of the Town of Islip, Respondents.

Supreme Court, Special Term, Queens County, July 26, 1948.

*Eben & Murphy* for petitioner.

*Robert H. Koehler* for respondents.

COLDEN, J. In a proceeding to review the decision of the board of appeals of the town of Islip of the State of New York, which denied petitioner a permit to conduct a school on certain premises in the village of Sayville, the respondents, constituting such board of appeals, move to dismiss the second amended petition for legal insufficiency and on " said petition, answer and return in the alternative for an order affirming the order of the respondents denying the application of the petitioner to conduct a ' private school ' on the premises set forth in her application to the said respondents * * *."

The parties executed a stipulation on June 29, 1948, wherein they agreed among other things " * * * that the only question raised by the Petitioner's second amended petition, is whether the amendment to the Zoning Law of the Town of Islip, so adopted on October 24, 1944, is required to be published and posted after such adoption of said resolution by the Town Board.

" No question is raised by the Petitioner as to the due adoption of said amending resolution of October 24, 1944 or the publication of the notice of hearing therefor and all other questions of law and fact raised by said amended petition are hereby expressly waived by the Petitioner.

" The respondents stipulate that such amendment adopted by the Town Board of Islip on October 24, 1944, was not published and posted after its adoption, but as a defense to the petitioner's claim, the respondents allege that publishing and posting of such amendment after its adoption is not required by law.''

It is clear that were the Village of Sayville an *incorporated* village, section 95 of the Village Law of the State of New York would apply. Thereunder, the adoption of an amendment of such a village ordinance would not be effective unless it were entered in the minutes of the board of trustees, published in the official paper of such village once, and a printed copy thereof posted conspicuously in at least three public places in the village for at least ten days before the same takes effect, and an affidavit of the publication and posting thereof filed with the clerk. Under this statute, publication and posting *after* the adoption of an amendment is mandatory. (See *City of New Rochelle* v. *Echo Bay Waterfront Corp.,* 268 App. Div. 182, which cited *Matter of Pressel* v. *Ferris,* 148 Misc. 910.)

The Village of Sayville, however, is not an *incorporated* village and the ordinance here involved was passed, not under Village Law, but pursuant to article 16 of the Town Law of the State of New York. While the provisions of article 16 of the Town Law require notice to be given before the hearing of the proposed adoption of an amendment of an ordinance, there is nothing therein contained which requires, as does section 95 of the Village Law, publication and posting *after* its adoption. Therefore, there is no merit to the petitioner's contention that the amendment in question was void and ineffective by reason of the failure to publish and post notice thereof *after* its adoption. On the merits of the proceeding the return made by the respondents contains substantial evidence in support of the determination, and this court has no power to substitute its judgment for that exercised by the respondents. The petition is accordingly dismissed on the merits. Submit order.