In the Matter of LEONARD LITTLE, Respondent, against JOHN G. YOUNG, as Chief Building Inspector of the Town of Hempstead, Appellant.— In a proceeding under article 78 of the Civil Practice Act, order directing the chief building inspector of the town of Hempstead to issue to respondent a building permit for the erection of bath houses and cabanas upon shore front property in an area zoned as a business district, unanimously affirmed, with $50 costs and disbursements. In our opinion the provision of section X-1.14 of article 7 of the Building Zone Ordinance of the Town of Hempstead, requiring permission by the board of appeals for the additional uses and purposes listed in that section, is invalid in that it would constitute a delegation to an administrative body of legislative power vested in the town board, without prescribing any standard or rule by which action by that administrative body is to be governed. (*Matter of Trustees of Village of Saratoga Springs* v. *Saratoga Gas, Elec. Light & Power Co.,* 191 N. Y. 123; *Matter of Small* v. *Moss,* 279 N. Y. 288; *Panama Refining Co.* v. *Ryan,* 293 U. S. 388.) It is apparent that the intent of the town board was not to exclude the uses and purposes set forth in section X-1.14 as inconsistent with public health, safety, morals or general welfare of the community, but, on the contrary, to fix such uses and purposes as ones in harmony with the public interest and the general scope and plan of the zoning ordinance. Invalidity lies in its abortive provision that permission for such uses must be procured

from the board of appeals. Petitioner-respondent was entitled to the permit directed below as a matter of right upon the record here presented. (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 150; *People ex rel. Onondaga Co. Sav. Bank* v. *Butler,* 147 N. Y. 164, 167; *Washington ex rel. Seattle Tit. Trust Co.* v. *Roberge,* 278 U. S. 116.) Present — Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ. [See *post,* p. 1065.]