In our opinion section 9 of article IV of the zoning ordinance does not nullify the provisions of sections 1 and 2 of the article which prohibit erection of buildings and use of premises in the district (residence D districts [apartments]) for business. Section 9 does permit the *963 conduct of certain specified types of business within the ground or street floor of apartment houses or buildings fronting on certain stated streets, or parts of streets, within the district. However, respondent may not complain that the amelioration afforded by section 9 lacks uniformity because it does not extend to all parts of the district. Respondent’s property lies within the favored boundaries and respondent is, therefore, benefited, is not the victim of discrimination, and is, therefore, not an aggrieved party. (See People ex rel. Durham Realty Corp. v. La Fetra, 230 N. Y. 429, 440, and People v. Wolf, 220 App. Div. 71, 79, appeal dismissed 247 N. Y. 189.) Furthermore, if section 9 be unconstitutional by reason of such claimed nonuniformity, it does not follow that the entire article IV, or sections 1 and 2 thereof, are void. Thus, the restriction against business uses upon respondent’s property, under sections 1 and 2, would still obtain. With respect to the delegation of power to the board of appeals, under section 9, to determine the types of business which may be added to the stated types permissible on the street floor of apartment buildings within the favored area, without prescription of standards or rules for such determination, we are of opinion that the attempted grant of power would permit the board to select, without fetter, from amongst types of shops or retail stores similar to those specified in the section. Under such view, there would be a serious question as to the constitutionality of the attempted delegation of authority. (See Matter of Trustees of Vil. of Saratoga Springs v. Saratoga Gas, Elec. Light & Power Co., 191 N. Y. 123, 146, Matter of Elite Dairy Products v. Ten Eyck, 271 N. Y. 488, 494-496, Matter of Little v. Young, 82 N. Y. S. 2d 909, affd. 274 App. Div. 1005 [2d Dept.], affd. 299 N. Y. 699, and Matter of Davison v. Flanagan, 273 App. Div. 870 [2d Dept.].) However, that would merely affect the power of the board to exclude shops or stores of a type similar to those specified, and it would not follow that the restrictive provisions of article IV against use of respondent’s premises for business are unconstitutional. Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ., concur.