LARRY GORDON, Plaintiff, *v.* TOWN OF HEMPSTEAD, et al., Defendants.

Supreme Court, Special Term, Nassau County, December 2, 1949.

*John Bennett* for plaintiff.

*George R. Brennan* for Town of Hempstead, defendant.

*Victor Levin* for Sea Isle Realty Corp., defendant.

HOOLEY, J. This action is brought for an injunction restraining the Town of Hempstead and the other defendants named, from constructing and conducting a public parking place upon the premises involved in the action, pursuant to a permit issued by the chief building inspector of the town of Hempstead, after the granting of a special exception for the said use by the board of appeals of the Town of Hempstead, and also declaring the provisions of the applicable section of the zoning ordinance void, as well as the decision and determination of the said board of appeals.

The defendant, Sea Isle Realty Corporation, made application pursuant to the provisions of the Building Zone Ordinance of the town of Hempstead to the board of appeals for a temporary permit to maintain a public parking place on its property located in a " Business " district at Atlantic Beach.

The application was made under section G–11.0 of article 14 of the zoning ordinance, which provides, " No public parking

place shall be conducted in any district except as a special exception by the board of appeals ".

The application was filed on May 17, 1949, and after due advertising, a public hearing was held on June 15, 1949. The matter was adjourned to June 22, 1949, when a further hearing was held, the parties being represented by counsel, and decision was reserved. On July 27, 1949, the application was granted temporarily to June 15, 1952.

In the meantime in July, 1949, the town board called a public hearing on proposed amendments to the Building Zone Ordinance so as to provide that certain special exceptions formerly granted by the board of appeals, should be granted only by action of the town board. These amendments included a change in the aforementioned section G–11.0. A public hearing on the proposed amendments was held and decision reserved and thereafter, at a regular meeting of the town board held on July 26, 1949, the amendments were adopted, including the amendment to the section in question. This was one day prior to the date of the issuance of the permit by the board of appeals. The town clerk posted the amendments to the zoning ordinance on August 2, 1949. On August 2, 1949, and August 9, 1949, the said amendments were published in the *Nassau Daily Review-Star*. According to the claim of the defendants, the said amendments became effective on August 12, 1949. Therefore, it is the claim of the defendants that at the time the board of appeals acted, it had jurisdiction of the application.

The first question, therefore, that the court must pass upon is whether or not at the time the board of appeals issued the permit herein, it had jurisdiction. The basic issue for determination in connection with the decision of that proposition is whether there is any requirement in the Town Law that publication and posting of an ordinance or an amendment thereto is necessary before the ordinance becomes effective? It is to be noted in this case that the resolution passed by the town board on July 26, 1949, provided that said ordinance was to become effective immediately. If such ordinance did become effective immediately, then at the time the board of appeals issued the permit herein, it had lost jurisdiction and said permit would have no validity.

The provisions of the Town Law determine and control the effective date of an ordinance or amendments thereto. The pertinent sections of the Town Law are as follows:

Section 264 of the Town Law provides in part: " However, no such regulation, restrictions or boundary shall become effec-

tive until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least ten days' notice of the hearing and place of such hearing shall be published in a paper of general circulation in such town ''.

Section 265 of the Town Law reads in part: '' Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed. * * * The provisions of the previous section relative to public hearing and official notice shall apply equally to all changes or amendments ''.

Section 269, third paragraph, reads: '' A zoning ordinance adopted pursuant to the provisions of this chapter shall not become effective until it shall have been published in a newspaper published in the town, if any, or in such newspaper published in the county in which such town may be located having a circulation in such town, as the town board may designate, twice, once in each week for two consecutive weeks, and shall have been posted in six public places in such town for not less than ten days. * * * ''

Section 133, dealing with general ordinances provides as follows: '' Every ordinance hereafter adopted or approved by the town board of a town * * * shall be entered in its minutes and published in the official paper of the town once and a printed copy thereof posted conspicuously in at least three public places in the town for at least ten days before the same shall take effect * * * ''.

The language of section 269 would seem to leave no room for doubt that both the original ordinance and any amendment thereto must be published twice and posted for ten days before it can become effective. In *Matter of Pressel* v. *Ferris* (148 Misc. 910) this very question was determined. The court held that an amendment to the zoning ordinance required both publication and posting before it became effective.

The plaintiff in this case, however, contends that the third paragraph of section 269 of the Town Law has no application herein, pointing out that the headnote of that section reads as follows: '' Conflict with other laws ''. It is plaintiff's contention that the third paragraph applies only where there may be some conflict of law between the building zone ordinance and, as stated in the first paragraph of section 269, '' any other statute or local ordinance or regulation ''. Plaintiff claims that there is no conflict of laws as specified by that section and that, therefore, the additional requirement of publishing and posting after the hearing before the town board is not necessary.

The court does not concur in that construction. The third paragraph of section 269 clearly has no relation to the other portions of that section and an examination of the history of that section indicates that the third paragraph has been made a portion of section 269 by inadvertence, error or through the negligence of the codifiers when the Town Law was recodified in 1932.

The statute which originally set up section 269 of the Town Law is chapter 714 of the Laws of 1926. That chapter provided in part as follows: '' Section 1. Chapter Sixty-three of the laws of nineteen hundred and nine entitled ' An act relating to towns, constituting chapter sixty-two of the consolidated laws,' is hereby amended by adding thereto a new article, to be article seventeen-c, to read as follows: '' Then follows article 17-c with sections running from 349-o to and including section 349-w. This latter section was captioned '' Conflict with other laws '' and is the present first paragraph of section 269 of the Town Law without change. Then the statute provided for a section 2 which clearly indicated that the language of section 2 was not to be any part of section 1 or the various sections thereunder and makes crystal-clear that such section 2 was not a part of section 349-w, which was a part of section 1 of the statute enacting the various sections. The language of such section 2 is identical with the present language of the third paragraph of section 269 of the Town Law, with the exception that there is one additional word in the original statute which is not in the present section and which is not of materiality here. To further indicate that such section 2 was separate and apart from section 1 and its subdivisions also designated as sections, the original statute had in small letters, immediately to the right in the column adjacent to said section 2, the words '' Zoning ordinance in effect when; publication ''. It is thus very evident that the present third paragraph of section 269 of the Town Law was not originally intended to be any part of section 349-w which is the present first paragraph of section 269 aforesaid. This is further made clear by McKinney's 1931 supplement to the Town Law which was the last supplement prior to the change in the law in 1932 which sets forth the various sections of article 17-c from 349-o to 349-w and then, after 349-w, it sets up section 2 of chapter 714 of the Laws of 1926, clearly indicating that it is a separate section and no part of section 349-w. The court is convinced that when the present third paragraph was made a portion of section 269 of the present Town Law in 1932 (L. 1932, ch. 634)

that it was a mistake of the codifiers and that it should be corrected by legislation.

The plaintiffs also rely to a considerable extent on the case of *Matter of O'Beirne* v. *Koehler* (193 Misc. 101). In that case, the court stated (p. 102): " While the provisions of article 16 of the Town Law require notice to be given before the hearing of the proposed adoption of an amendment of an ordinance, there is nothing therein contained which requires, as does section 95 of the Village Law, publication and posting *after* its adoption."

Section 269 of the Town Law is part of article 16 referred to in the foregoing case. There is nothing in the decision aforesaid to indicate that the court had its attention called to the third paragraph of section 269 of the Town Law or section 133 of the Town Law. In view of that fact and for the reasons aforesaid, the court declines to follow that decision. The court, therefore, determines that the amendment to the building zone ordinance which was passed on July 26, 1949, did not become effective until August 12, 1949. Therefore, the board of appeals had jurisdiction in connection with the issuance of the permit herein if the law granting such authority was constitutional. This finding necessitates a determination of the other interesting questions of law involved herein.

It is the claim of the plaintiff that the ordinance pursuant to which the board of appeals acted in issuing the permit is unconstitutional and void because it is claimed that no standards, rules or regulations were adopted to limit the exercise of the discretionary power therein. As to this contention the court concurs with the plaintiff and holds that such ordinance was unconstitutional for the reason cited (*Matter of Trustees of Vil. of Saratoga Springs* v. *Saratoga Gas, Elec. Light & Power Co.*, 191 N. Y. 123; *Matter of Small* v. *Moss*, 279 N. Y. 288; *Panama Refining Co.* v. *Ryan*, 293 U. S. 388; *Matter of Little* v. *Young*, 82 N. Y. S. 2d 909, affd. 274 App. Div. 1005, 299 N. Y. 699; *Matter of Davison* v. *Flanagan*, 273 App. Div. 870).

It was undoubtedly because of the foregoing decisions that the town board acted in amending the zoning ordinance by providing that jurisdiction to grant a special permit in certain cases, including applications for parking places, should be changed from the board of appeals to the town board.

That brings the court to the question as to the effect of the unconstitutionality of the provisions of section G–11.0 which permitted the board of appeals to make a special exception in a given case. The court is of the opinion that only that portion of

section G–11.0 should be deleted which reads " except as a special exception by the Board of Appeals ", which would leave the section to read " No public parking place shall be conducted in any district ". This is in accord with the decision in *Davison* v. *Flanagan* (*supra,* p. 870), in which the court said: " In our opinion subdivision 2 of section 1 of article IV of the Building Zone Ordinance (No. 51) of the Village of Rockville Centre, insofar as it requires the consent and permit of the board of appeals to such an alteration, is unconstitutional."

In the case of *Washington ex rel. Seattle Title Trust Co.* v. *Roberge* (278 U. S. 116) where the written consent of the owners of adjoining property was required in order to permit a philanthropic home in a specified district, the Supreme Court of the United States held that the requirement for the consent of such property owners was unconstitutional and void and that only that portion of the provision of the ordinance in question which required consent was unconstitutional and the philanthropic home in question was permitted without the requirement for any such consent. In both of the foregoing cases, the construction of the unconstitutional ordinance by the courts was in effect a holding that the provision in question was divisible and was only unconstitutional insofar as it required the consent of the board of appeals in the *Davison* case (*supra*) and the consent of the property owners in the *State of Washington* case (*supra*).

A holding that the provision in question was divisible and that the portion left in the ordinance reading: " Sec. G–11.0. Public Parking Places. No public parking place shall be conducted in any district " will not leave the town without authority to permit proper public parking places for the reason that before the hearing was had and completed before the defendant board of appeals upon this very application the town board proceeded to amend section G–11.0 so as to make it read as follows: " Public Parking Places. No public parking place shall be conducted in any district except as a special exception by the Town Board ".

Even if it were true that section G–11.0 in its entirety was void because of the unconstitutionality of a part thereof, the result reached herein will be the ·same because under the ordinance a public parking place is not and never has been a permitted use in a business district.

Upon the record before this court, it may not be contended that the construction given to the unconstitutional ordinance by the court was unreasonable, invalid and void because it permitted no parking places in the town. That was a valid exercise

of power by the town board in the absence of any proof before the court that there was need for such parking places or that the interest of any person was jeopardized by the absence of parking places. The defendant Sea Isle Realty Corp. is, also, not without relief or remedy to carry out the purposes of the operation of its beach club and obtain the permission of the town board for a public parking place, if in the best interests of the town, such a parking place seems desirable and proper.

The plaintiff is entitled to judgment declaring that portion of section G–11.0 as it existed at the time it purported to grant power to the board of appeals of said town to permit public parking places to the extent of requiring a consent of such board of appeals is unconstitutional, null and void by reason of the failure of the defendant town board of the town of Hempstead to adopt standards, rules and regulations to guide and limit the exercise of the power delegated by the town board to the board of appeals. The plaintiff is also entitled to judgment that the decision and determination of the defendant, board of appeals of said town, pursuant to the application made to it by the defendant, Sea Isle Realty Corp. as hereinbefore set forth, is null, void and of no force and effect for the reasons aforesaid and that the permit issued by the defendant John C. Young as chief building inspector of the defendant town to the defendant Sea Isle Realty Corp. pursuant to the decision and determination of said defendant board of appeals, is declared illegal, null and void and of no force and effect.

The defendant Sea Isle Realty Corp. is enjoined and prohibited from doing and performing any act or thing under and pursuant to the permit issued to it by the said John C. Young, chief building inspector of said defendant town of Hempstead.

Settle judgment on notice. No costs.