In the Matter of CARRIE H. MIRSCHEL et al., Petitioners, against HENRY P. WEISSENBERGER, as Superintendent of Public Works and Buildings and Building Inspector of the Incorporated Village of Malverne, Respondent.

Supreme Court, Special Term, Nassau County, June 16, 1950.

*Charles G. Ritter* for petitioners.

*John A. Morhous, Village Attorney,* for respondent.

HOOLEY, J. This is an application by the owners and the contract vendee of certain real property in the village of Malverne in Nassau County for an order, pursuant to the provisions of article 78 of the Civil Practice Act, directing the respondent building inspector to issue to the petitioners a permit for the erection of a restaurant or lunch counter on said premises.

The application for the permit was denied on the following ground: " Reason: Approval by the Board of Appeals is required for this type of business, as noted in Article No. 8, Sec. 801, subd. No. 23 of Zone Ordinance No. 114 as amended of the Inc. Village of Malverne, N. Y."

Subdivision 23 of section 801 of the Zoning Ordinance of the Village of Malverne reads as follows:

" Sec. 801. A building may be erected, altered or used, and a lot or premises may be used for any of the following purposes and for no other: — * * * 23. Theatre, Department Store, Super Market, General Market, Public Market, Place of Amusement, Restaurant, Lunch Counter, Lunch Wagon, Dance Hall, Bowling Alley or Billiard Room when authorized as a special exception by the Board of Appeals as hereinafter provided and upon application for such authorization the Board of Appeals may impose such conditions as are in the public interest in connection therewith and shall make such requirements as to parking facilities to be provided in connection with such use, as will in its judgment prevent undue traffic congestion and street curb parking that might otherwise be occasioned by such use."

The petitioners maintain that the ordinance is wholly without any standards for the exercise by the board of appeals of the power to grant special exceptions and that insofar as it requires permission by the board of appeals for the uses and purposes listed therein, it is invalid in that it would constitute a delegation to an administrative body of legislative power which is vested by law in the village board, without prescribing any standard or rule by which action by that administrative body is to be governed. The petitioners rely upon the case of

*Matter of Little* v. *Young* (274 App. Div. 1005, affd. 299 N. Y. 699). In that case the petitioner was granted a mandamus order against the building inspector of the town of Hempstead, compelling the issuance of a permit for the erection of bath-houses and cabanas upon shorefront property in an area zoned as a business district on the ground that the ordinance was unconstitutional because the town board lacked power to delegate its zoning power by authorizing the board of appeals to grant special exceptions without setting up accompanying standards. It is to be noted that the language of the ordinance in that case is identical with the language in the ordinance herein.

The petitioners herein maintain that the denial of their application deprived them of their property without due process of law and denied to them the equal protection of the law. There is merit in the petitioners' position. The prohibition of a restaurant or lunch counter without a special exception requiring action by the board of appeals is arbitrary and capricious especially when it is considered that by the same ordinance there were permitted in the area in question without the consent of the board of appeals such industries and businesses as undertaking and embalming, dry cleaning or dyeing agency, tailoring, dressmaking, shoemaking and repairing.

The respondent, however, urges that standards are provided by that section of the ordinance because it provides that property in the district may be used for restaurant or a lunch counter when authorized as a special exception by the board of appeals and that upon application for such authorization *the board of appeals was given power to impose such conditions as are in the public interest in connection therewith and is empowered to make such requirements as to parking facilities to be provided in connection with such use as in the judgment of the board of appeals will prevent undue traffic congestion and street curb parking.*

There was a complete lack of the formulation of standards to guide the board of appeals with respect to parking or other regulations. The reference to traffic congestion and parking in the ordinance completely failed if it were ever intended to indicate standards to guide the board of appeals.

In addition, there is a serious question as to whether the Village Law has granted to a board of appeals such power as is here proposed to be exercised by such board.

Furthermore, it is the opinion of the court that the special exception part of the ordinance embraced within it the clause dealing with the regulations as to parking and that when the special exception clause falls the rest of the paragraph of the

ordinance falls with it. It is clear from a reading of the ordinance that an application for a special exception was required to be made to the board of appeals, and it is noted that it was " *upon such application* " that the board of appeals was to fix requirements as to parking. However, if the requirement for application for a special exception be illegal, and the court has so held, then there is no power in the board of appeals to act because under the ordinance it may so act only upon the application for the special exception.

The petitioners were entitled to the permit as a matter of law upon the record here presented. The building inspector is directed to issue to the petitioners the permit requested. No costs.