In a proceeding under article 78 of the Civil Practice Act, order directing the appellant village official to issue a permit for construction upon and use of premises as a restaurant or lunch counter, reversed on the law, with $50 costs and disbursements. Order denying appellant’s motion to dismiss the petition reversed on the law, without costs, and the motion granted, without costs. The facts are not in dispute. Subdivision 23 of section 801 of the Zoning Ordinance of the Incorporated Village of Málveme is not to be construed as a delegation of legislative authority to an administrative agency without provision for suitable standards to control the exercise of the authority. The intent of the section as a whole is clear, and it provides that the particular use is permissible in the district upon furnishing of suitable automobile parking facilities, the extent of which is to be determined by the board of appeals, upon application, and upon due consideration of the public interest in respect of traffic congestion. There is no showing that confiscation of or unlawful discrimination against respondents’ property results from application of the ordinance. Nor is there any showing that the ordinance is beyond the power of the local legislature to adopt. The case entitled Matter of Little v. Yo'ung (299 N. Y. 699) is readily distinguishable. There the ordinance, which was held invalid, provided that property in a business district might be used for a place of amusement "When permitted as a special exception by the Board of Appeals”. Nothing further was stated in the ordinance in respect of the board’s exercise of the discretion thus committed to it; and the effect was that the board in its unfettered discretion might grant or withhold permission for such use. Carswell, Johnston, Adel and Sneed, JJ., concur; Nolan, P. J., concurs in the result, with the following memorandum: I am of the opinion that the ordinance as presently drawn leaves the granting or the refusal of a permit to the uncontrolled discretion of the board of appeals. However, the objectionable provision of the ordinance, to the effect that the designated uses may be permitted only when authorized as a special exception in the discretion of the zoning board of appeals, may be exscinded, and the balance of the ordinance may be enforced according to its terms. (Cf. Matter of Little v. Young, 274 App. Div. 1005, affd. 299 N. Y. 699.) [198 Misc. 488.]