In the Matter of TITUS ST. PAUL PROPERTY OWNERS ASSOCIATION et al., Petitioners, against BOARD OF ZONING APPEALS OF TOWN OF IRONDEQUOIT et al., Respondents, and TEMPLE EMANU-EL OF IRONDEQUOIT, Intervener, Respondent.

Supreme Court, Special Term, Monroe County, July 7, 1954.

*Edmund Clynes* and *Donald E. Robinson* for petitioners.

*Emmett J. Schnepp* for respondents.

*Samuel D. Di Pasquale* for intervener, respondent.

· ROBERTS, J. In this proceeding petitioners seek to review a determination of the zoning board of appeals of the Town of Irondequoit which granted permission to the intervener-respondent to use certain property located at 2956 St. Paul Blvd. in said town for the purposes of a house of worship and for religious education.

The intervener-respondent, a religious corporation of the Reformed Jewish Church, entered into a contract with Wallace J. Geck to purchase the premises in question contingent upon obtaining from the zoning board of appeals of the Town of Irondequoit its approval to use the premises for a house of worship and for religious education. The papers on the motion to intervene are before the court in this proceeding, from which it appears that the application to the zoning board of appeals was made solely in the name of the intervener-respondent but that said application was made with the full knowledge and consent of the owner and was made by the applicant as agent for the owner, and the affidavit of the owner asserts that he affirms and ratifies the action taken in making such application and joins in asking the court to affirm the decision of the board of appeals. Under these facts the intervener-respondent was a proper party to make the application before the board of appeals. (*Matter of Hickox* v. *Griffin,* 274 App. Div. 792, revd. on other grounds 298 N. Y. 365; *Matter of Slater* v. *Toohill,* 276 App. Div. 850.)

The property in question is located in an " E " district, residential. A church and a school are permitted uses in such a district subject to the special provisions of section 43 of the Zoning Ordinance (Irondequoit Zoning Ordinance, § 10). Section 43 of the ordinance provides as follows: " SPECIAL LIMITATIONS IN DISTRICTS ' E ', ' D ' AND ' C '. Before any land shall be used or building or structure constructed, reconstructed, altered, changed or used in residential districts ' E ', ' D ' and ' C ' for any purpose subject to the provisions of this section, special application must be made to, and a special permit granted by, the Zoning Board of Appeals, subject to such terms and conditions as may be appropriate in the particular case, and in conformity with the following general provisions: * * *" This paragraph is followed by provisions relating to size of lot, setback lines, and height of buildings.

Pursuant to the provisions of the ordinance the intervener-respondent made its application in the first instance to the zoning board of appeals. Following a hearing which was duly

held, the board of appeals granted the application subject to certain conditions among which was the following: " That adequate off street parking shall be provided in the immediate vicinity of such property for automobiles of worshipers at such Temple Emanu-El and for persons using such premises, and that no part of the said premises known as 2956 St. Paul Boulevard shall be used for the parking of automobiles except that portion thereof on which the present driveway is now located." Petitioners here do not object to the use of the premises for religious or educational purposes. The only objection raised is that such use will create parking problems and traffic hazards and that the quoted condition imposed by the zoning board of appeals is not adequate to protect other property owners in the vicinity from the traffic problems which it is claimed will arise by reason of the proposed use of the property.

The intervener-respondent obtained from Unity Recreation Club, Inc., which is located on the opposite side of St. Paul Blvd. a consent to use the parking lot upon its property whenever necessary. Such written consent was filed with the board of appeals and is included in its return. It is claimed that the facilities so available, together with the use of the driveway upon the premises in question, will provide adequate off street parking. Petitioners on the other hand claim that the permission given the intervener-respondent to use the neighboring parking lot is merely a revocable permit and further claim that in any event the parking facilities available would not be adequate to meet the needs of the intervener-respondent. Petitioners claim, therefore, that the zoning board of appeals before granting the application should have required intervener-respondent to obtain title to or a lease of property in the vicinity adequate and available for use as a parking lot.

Before determining any question as to whether or not the action of the board of appeals was arbitrary and unreasonable, it is necessary to inquire as to the authority of the board to require off street parking and if such authority existed, the extent thereof.

No question of a variance is here presented. The ordinance authorized the use of the property for church or school purposes subject to such terms and conditions as might be imposed by the zoning board of appeals. The ordinance prescribed no standard or policy governing the granting of such a permit except in relation to the size of lot, setback lines, and height of buildings. No power or authority was granted the board of

appeals to condition the granting of such a permit upon considerations of traffic hazards or parking facilities.

The legislative body of the town had undoubted power to delegate to the board of appeals the discretionary power to grant or refuse a permit provided such legislative body formulated a standard or policy reasonably clear to govern the zoning board of appeals in the exercise of such discretion. (*Matter of Thomas* v. *Board of Standards & Appeals,* 263 App. Div. 352, 359, and cases there cited, revd. on other grounds 290 N. Y. 109; *Barkmann* v. *Town of Hempstead,* 268 App. Div. 785, affd. 294 N. Y. 805.) Had the ordinance provided that one of the standards to be applied in granting or refusing the permit was that suitable parking facilities be provided, such a provision would have been a valid delegation of authority. (*Matter of Mirschel* v. *Weissenberger,* 277 App. Div. 1039.) However the ordinance provided no such standard and the board of appeals in exercising its discretion was limited to applying the rules and standards specified in the ordinance. (*Matter of Executive Service Corp.* v. *Moss,* 256 App. Div. 345, 347.) Here the standards prescribed by the ordinance related only to size of lot, setbacks and height of buildings. When the board of appeals attempted to impose conditions based upon providing off street parking, it exceeded the authority conferred upon it by the ordinance. It could not impose such a condition. (*Matter of Small* v. *Moss,* 279 N. Y. 288; *Matter of Lyons* v. *Prince,* 281 N. Y. 557.) In *Matter of Small* v. *Moss* (*supra*), the commissioner of licenses of the City of New York refused to issue a license for a motion picture theatre upon the ground that the erection of the theatre at the proposed location would increase pedestrian and vehicle traffic and so create a dangerous condition. The ordinances of the City of New York empowered the commissioner of licenses to grant licenses to theatres but contained no rule or standard to be applied by the commissioner in the exercise of his powers, so there was an absence of any legislative authority for him to refuse a license based upon possible traffic congestion and the creation of a dangerous condition for the traveling public. The Court of Appeals affirmed the determination of the Appellate Division granting a peremptory order of mandamus compelling the commissioner to issue the license. The court there said at page 297: " the Commissioner has no power to declare any legislative policy or to create the standards which must govern the grant of a license. He may only apply the policy declared and the rules and standards laid down in statute and

ordinance, and we search there in vain for a rule or standard which would justify refusal of a license for the erection of a theatre at a point where street traffic, and especially traffic increased by a new theatre, would subject travelers upon the street to danger." And again at page 299: "We repeat that the question before us is not whether the city of New York can by law restrain the maintenance of a theatre at a location where the street traffic is or may become dangerous, but is whether by statute or ordinance there has been a legislative declaration of a general policy that no theatre should be erected at such a location, and a delegation to the Commissioner of Licenses of power to determine whether such dangerous condition exists or may be created."

We are not dealing with some proposed use of the property which may of itself be offensive. The proposed use for religious and educational purposes is clearly in furtherance of the health, safety, morals and general welfare of the community. (*Matter of Concordia Collegiate Inst.* v. *Miller,* 301 N. Y. 189, 195–196.) The standards prescribed by the ordinance for granting or refusing the permit, namely, size of lot, setback and height, were appropriately applied by imposing the condition that exterior changes should not be made in the building without the permission of the board.

Under the ordinance the board of appeals had no power to grant or refuse the permit based upon a possible increase in traffic hazards, nor did they have any power to impose as a condition of granting such permit that the intervener-respondent must provide space for off street parking. The use of property for church or school purposes was a permitted use in an " E " residential district subject to the permit to be granted by the zoning board of appeals. If such board exceeded its authority in imposing conditions upon the granting of the permit the applicant would be entitled to the permit without such conditions as a matter of right. (*Matter of Little* v. *Young,* 274 App. Div. 1005, affd. 299 N. Y. 699; *Matter of Davison* v. *Flanagan,* 273 App. Div. 870.) Intervener-respondent, however, has not complained about the condition so imposed and has agreed to abide thereby. Certainly the petitioners cannot here complain or ask that the determination of the zoning board of appeals should be set aside because such board has exceeded its authority by imposing conditions favorable to them. They are benefited and not aggrieved by the unauthorized condition which was imposed.

Even had the ordinance empowered the board of appeals to impose a condition that off street parking be provided, the condition which was imposed was neither arbitrary nor unreasonable. It protected the adjoining property owners to the full extent that they could reasonably seek protection.

Determination of the board of appeals is affirmed.