John D. Bennett, S.
The executors appeal from the pro forma taxing order based upon the appraiser’s report because of the appraiser’s failure to allow a certain loan as a deduction.
On November 20, 1950, the decedent created a fully revocable trust of the bulk of her estate in order to relieve herself of the burdens of investment and management. In 1960 the trustees decided to purchase an apartment house in Canada. They did not want to purchase same subject to a mortgage nor raise the necessary funds by selling securities held by the trust as that would result in a heavy capital gains tax. Therefore on August 16,1960, the trustees entered into a loan agreement with Empire Trust Company, a New York corporation, wherein they borrowed $1,000,000 at a specified rate of interest and pledged trust securities with a value in excess of $2,000,000 as collateral. The trustees agreed to furnish additional collateral should the total value of said pledged securities fall below a figure which would be 200% of the unpaid principal amount of the loan. There was no mortgage transaction or collateral agreement concerning the Canadian property between the trustees and lending institution.
At the time of the decedent’s death, the bank loan had been reduced to $900,000 and the trustees owned the Canadian apartment house. The loan was still secured by the pledged securities and there was no indebtedness of any kind in respect to said real property. After the decedent’s death, the -trustees sold the securities owned by the trust and used part of the proceeds thereof to pay the balance of the loan.
In fixing the New York State estate tax, the value of the Canadian property was properly excluded. The executors *218 included the $900,000 indebtedness as an estate deduction but. this was disallowed by the appraiser based on section 249-s of the Tax Law. From this disallowance the executors have brought this appeal.
Since -the decedent died prior to April X, 1963 and the provisions of article 10-0 of the Tax Law are applicable, the fact that the Federal Government allowed the deduction is not binding on the State Tax Commission.
Subdivision 1 of section 249-s of the Tax Law provides that the net estate is determined by deducting from the value of the gross estate “ Such amounts (a) for funeral expenses, (b) for administration expenses, (c) for claims against the estate, and (d) for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent’s interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate ”.
The afore-mentioned subdivision 1 also provides that No deduction shall be allowed on account of any liability of decedent incurred or assumed for the acquisition, care, improvement, use, enjoyment or disposition of real property * * * outside this state.”
The last-quoted provision of the section was enacted into law in 1949 (L. 1949, ch. 225) to prevent the deduction from the New York taxable estate of a liability incurred in connection with real property outside the State as was allowed in Matter of Gallatin (188 Misc. 54, affd. 273 App. Div. 870, affd. 298 N. Y. 812). The deductions claimed in the Gallatin case were debts incurred for repairing the out-of-State real property.
The contested issue here is whether the loan represented an indebtedness on an asset which is included in the New York gross taxable estate or a liability incurred for the acquisition of real property located outside of the State which said real property is not included in the New York gross taxable estate.
A review of the loan transaction clearly indicates that the lending institution was not concerned with the real property in Canada. The indebtedness was evidenced by a note and was secured by securities which were subsequently included in the gross estate. If there was a default on the note, the lender would not look to the Canadian property but to the securities held as collateral to meet the indebtedness. The loan was thus an indebtedness on the securities that were included in the gross estate and is a valid deduction under subdivision 1 of section 249-s, and not an indebtedness for the acquisition of out-of-State property so as to be disallowed under said section. The fact that the funds were used to purchase out-of-State property is *219 irrelevant. Had the loan been made with the lending institution for the acquisition of the out-of-State property, the loan would not be an allowable deduction, but that is not the case. The lending institution was induced to make the loan because the securities were offered as collateral. The use of the funds was immaterial to them as they were well protected from any default in the payment of the loan. The loan was not an indebtedness on the Canadian property but on the securities which were part of the gross estate.
The appeal is granted to the extent of allowing the $900,000 loan as a deduction.