Theodore A. Kelly, J.
This is a proceeding pursuant to CPLR article 78. Petitioners, owners of an office building and lot situated at 82 Maple Avenue, New City, Town of Clarkstown, seek judgment annulling a determination of respondent Fire Board of Appeals of the Town of Clarkstown (hereinafter *251 the Board) which, after a hearing, affirmed a decision of respondent Robert H. Bowman (hereinafter Bowman) to deny petitioners a certificate of occupancy for failure to have installed an "early warning fire detection system” connected to the Rockland County Fire Control Center "44-Control.”
The underlying facts are essentially undisputed. On March 7, 1974 petitioners applied for a building permit to alter the interior of their building. On April 22, 1974 Building Permit No. 74-83 was issued by the building inspector’s office. Petitioners did not receive the permit by mail until July 25, 1974. The permit contained a special condition providing for "early warning fire detection.” A copy of the original permit has been submitted by petitioners with their moving papers. Respondents contend that there was a clerical omission in the permit which was issued to petitioners. Respondents have submitted a further copy of the permit which provides for an "early warning fire detection system connected to 44 control.” There is, accordingly, an obvious discrepancy between the original permit and respondents’ copy in that the copy purports to impose a condition more stringent than the original.
Petitioners installed a fire detection system of the type which would cause an alarm to sound by the detection of smoke or excessive heat. Petitioners considered this system adequate compliance with the condition contained in their building permit. They then requested a certificate of occupancy for the alterations. Bowman refused to issue a certificate of occupancy to petitioners on the ground that their fire detection system was not connected to "44-Control.” Petitioners’ system was also inspected by respondent Murdock who also informed petitioners that their building permit required that they connect their fire detection system to "44-Control.” Petitioners then requested a hearing before the Board. On November 12, 1975 the Board denied petitioners’ application and sustained the determinations of Murdock and Bowman. In their written decision the Board found that petitioners’ building permit required that they connect their fire detection system to "44-Control.” The Board further found that petitioners were aware of this requirement at the time that they were altering their building. The Board then concluded that to grant petitioners’ application would not be in harmony with the "general purposes and intent of Chapter 47 of the Code of the Town of Clarkstown” and that petitioners would be required to connect their system to "44-Control.”
*252 In the court’s opinion this determination was erroneous.
Zoning regulations being in derogation of the common law must be strictly construed in favor of the property owner and against the municipality which adopts them (Matter of 440 East 102nd St. Corp. v Murdock, 285 NY 298; De Marco v Fitzgerald, 20 Misc 2d 457, affd 11 NY2d 775). As a consequence, a municipality may not condition a permit upon compliance with requirements which are not set forth in their ordinances (Anderson, NY Zoning [2d ed], §§ 18.55, 19.14; see, e.g., Matter of Holmes & Murphy v Bush, 6 AD2d 200; Matter of Titus St. Paul Prop. Owners Assn. v Board of Zoning Appeals of Town of Irondequoit, 205 Misc 1083).
Section 47-13 of the town code defines the term "automatic fire alarm system” as a "system which automatically detects a fire condition and actuates a fire alarm signal device.” The fire inspector of the town is empowered to order the removal or the correction of any hazardous condition in a building which consists of the lack of "automatic or other fire alarm apparatus or fire extinguishing equipment” (Town Code, § 47-9, subd [F]). Respondents, however, have failed to indicate any provision of the town zoning ordinance or of section 47-1 et seq. of the town code which would require petitioners to connect their fire detection system to "44-Control.” It is also clear that connection to "44-Control” was not made a condition of petitioners’ building permit. Petitioners have the original of the building permit in their possession. The original permit is clearly the best evidence of its contents (Richardson, Evidence [9th ed], § 558). The original permit provides only for "early warning fire detection” and says nothing about connecting to "44-Control.” The acknowledged addition by the building inspector’s office of a further condition requiring connection to "44-Control” was an obvious afterthought and cannot be sustained. Further the Town Attorney has failed to demonstrate any authority for the imposition of such a condition by the building inspector.
The error was then compounded by both Murdock and the board, in that they each concluded that petitioners were required by their building permit to connect to "44-Control.” Petitioners have alleged that Murdock inspected their system and informed them that it was a "good job.” In their answer respondents have admitted the truth of this allegation. No affidavit has been submitted by either Murdock or Bowman to demonstrate that the system installed by petitioners did not *253 constitute an automatic fire alarm system within the definition contained in section 47-13 of the town code, or to question its adequacy to afford fire protection. Both Murdock and the Board, therefore, evaluated petitioners’ fire detection system in the light of a condition which the building permit did not impose.
The Board’s determination, accordingly, is annulled and Bowman is directed to forthwith issue petitioners a certificate of occupancy.